**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

HENRY MAXWELL/RASULALLAH,
ADC #80266                                                                                    PLAINTIFF

V.                                               5:09-cv-00228-JLH-JJV

RAY HOBBS, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 29).  Plaintiff filed a response in opposition to the Motion (Doc. No. 34).

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his First Amendment right to the free exercise of his religion by Defendants. Specifically, Plaintiff states on February 23, 2009, he received notification from Defendant Harrison that a publication which he received in the mail, the "Five Percenter Newspaper" was being forwarded to the Unit Publication Review Committee for review, based on its alleged gang content. Plaintiff filed a grievance about the confiscation, and the Warden's response indicates the publication was disapproved by the committee.  (Doc. No. 2, p. 8.)  Plaintiff further alleges Defendant Hobbs denied the grievance appeal he filed on the issue, and Plaintiff denies being a gang member.  Plaintiff also states the hand gestures in the publication are not gang signs.  Plaintiff asks for monetary and injunctive relief from the Defendants.

## II.     SUMMARY JUDGMENT MOTION

### A.     Defendants' Motion

In support of their motion, Defendants state they are protected from liability by qualified immunity.  They also argue Plaintiff fails to state a claim for a denial of his free exercise right, because he can not show that Defendants' actions placed a substantial burden on his ability to exercise his religion, *citing Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009).   Defendants also state Plaintiff does not allege the absence of alternative means to practice his religion, and cite to several cases where the "Five Percenter" publication was linked to gang activity in prison.  *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002), and  *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 466 (4th Cir. 1999).  Defendants state Plaintiff 's complaint must therefore be dismissed.

### B.     Plaintiff's Response

In response, Plaintiff denies the hand gestures contained in the publication are gang-related, and denies that he is a member of a gang.  Plaintiff states he has been a member of "The Nation of Gods and Earths/Five Percent Nation" for twenty-five years, and he has become a "balance[d] man" as a result.  Plaintiff states Defendant Harrison improperly construes the hand gestures as gang signs.

### C.     Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See  Dulaney v. Carnahan*, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Webb v. Lawrence County,* 144 F.3d

1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

D.     **Analysis**

An inmate clearly retains protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. Nevertheless, lawful incarceration, by its very nature, brings about the necessary withdrawal or limitation of many privileges and rights. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Under the Free Exercise Clause of the First Amendment, Plaintiff must first raise a material question of fact as to whether Defendants have placed a "substantial burden" on his ability to practice his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008), *citing Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). The *Patel* Court further explained that substantially burdening one's free exercise of religion means:

> that the regulation must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

515 F.3d at 813, *citing Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004).

In this particular case, however, the Court finds no question of material fact concerning whether denial of the publication to the Plaintiff imposes a substantial burden on his ability to exercise his religion. Plaintiff does not allege any facts in his original or amended complaints which

4

could be construed as evidence that his ability to practice his religion has been burdened.  Rather, Plaintiff's cause of action solely challenges the manner in which Defendants came to the conclusion that the publication is gang-related and  the hand gestures in the publication are gang signs.[1] Plaintiff makes no allegations that the publication is an integral portion of his religion or that its denial meaningfully curtails his ability to express his faith.  To this end, Plaintiff's cause of action fails to make the necessary legal showing that his constitutional right to free exercise of his religion has been curtailed.  Therefore, as a matter of law, the Court finds Defendants' Motion for Summary Judgment should be granted, and Plaintiff's complaint against them should be dismissed with prejudice.

## III.    CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 29) be GRANTED, and that this case be DISMISSED with prejudice

DATED this 23rd day of July, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]Defendants cite *Fraise v. Terhune*, 283 F.3d 506 (3rd Cir. 2002), to support the ADC's conclusion that the organization in question has been determined to have gang ties.  While this Court does not address whether or not the ADC had a legitimate reason to consider "Five Percenters" to be a potential security threat, *Fraise* reveals that several other courts have made a finding that this organization may indeed pose a threat to prison security.  Regardless, the *Fraise* case demonstrates that the decision by ADC personnel was not arbitrary.